SUMMARY ORDER

Petitioner Ping Dong, a native and citizen of the People’s Republic of China, seeks review of the July 28, 2008 order of the BIA affirming the July 25, 2006 decision of Immigration Judge (“IJ”) Douglas B. Schoppert, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Ping Dong, No. A95 710 318 (B.I.A. July 28, 2008), aff'g No. A95 710 318 (Immig. Ct. N.Y. City July 25, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii); see Xiu Xia Lin v. Muhasey, 534 F.3d 162, 167 (2d Cir.2008).
As a preliminary matter, because Petitioner failed to raise before this Court any challenge to the agency’s denial of her CAT claim, we deem any such argument waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005). Likewise, Petitioner does not challenge the agency’s findings that: (1) the record was inconsistent concerning when and how many times the police came to search for her; (2) there were material omissions re *26 garding the reason she decided to leave China; and (3) her asylum application and testimony were vague. Accordingly, any challenge to those findings is waived, see id., and they stand as proper bases for the agency’s adverse credibility determination, see Xiu Xia Lin, 534 F.3d at 167.
As to Petitioner’s asylum and withholding of removal claims, we find that the agency’s adverse credibility determination was supported by substantial evidence. Petitioner conceded that the statement she made in her airport interview — that she came to the United States to escape an unwanted marriage — was not consistent with her claim in her asylum application— that she came to the United States because of religious persecution. We find no support for Petitioner’s argument that the agency did not adequately consider the reliability of her airport interview under the standard set forth in Ramsameachire v. Ashcroft, 357 F.3d 169, 179-80 (2d Cir.2004). Indeed, by Petitioner’s own admission, she lied in the airport interview because the snakehead told her to, not because she feared government authorities. Petitioner’s candor in revealing that she lied does not compel the conclusion that her amended story was true, and the agency did not err in refusing to make such a finding. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
In light of the foregoing, the agency did not err in relying on the airport interview as a basis for the adverse credibility determination. Yun-Zui Guan, 432 F.3d at 398-99 (holding that an IJ may base an adverse credibility determination on the petitioner having provided “two distinct, non-overlapping accounts of persecution”). Taken together with the findings Petitioner does not challenge, there is ample evidence in the record to support the agency’s adverse credibility determination. Accordingly, the agency’s denial of Petitioner’s application for asylum was not improper. Likewise, the agency properly denied Petitioner’s application for withholding of removal because the only evidence that Petitioner would be persecuted depended on her credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.